IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No. 23-30432 |
| | : | |
| BRAINERD INDUSTRIES | : | Chapter 11 |
| INCORPORATED, | : | |
| | : | Judge Guy R. Humphrey |
| DEBTOR-IN-POSSESSION. | : | |

### APPLICATION OF BRAINERD INDUSTRIES INCORPORATED, DEBTOR AND DEBTOR-IN-POSSESSION, PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PATRICIA J FRIESINGER, ESQ. AND COOLIDGE WALL CO., L.P.A AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE DATE OF APPLICATION, COMBINED WITH NOTICE HEREIN

### NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST

**You are hereby notified** that the Debtor has filed papers with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before Twenty-One (21) days from the Date of Issuance set forth below, you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

> The Clerk of Court's address is: U.S. Bankruptcy Court Clerks Office, 120 W. Third Street, Dayton, OH 45402.
> Copies of the Court's Administrative Procedures for electronic court filings can be found at the following website: http://www.ohsb.uscourts.gov

You must file the response early enough so the Court will **receive** it on or before the date stated above.

You must also provide a copy of your response to Patricia J Friesinger. You may either electronically serve Patricia J. Friesinger through the court's ECF System or mail a copy to the following address: Patricia J. Friesinger, Coolidge Wall, Co, L.P.A, 33 W. First Street, Ste. 200, Dayton, OH 45402.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's Motion and may enter an order granting that relief.

| | |
|---|---|
| March 22, 2023 | */s/Patricia J. Friesinger* |
| Date of Issuance | Patricia J. Friesinger |

1

## MOTION

Brainerd Industries Incroporated, Debtor and Debtor-In-Possession ("Debtor") hereby submits this application (the "Application") to this Court pursuant to section 327(e) of the Bankruptcy Code, and FRBP 2014, for the entry of an Order authorizing the retention of Patricia J. Friesinger ("Friesinger") and the law firm of Coolidge Wall Co., L.P.A. (the "Firm") as general counsel for the Debtor *nunc pro tunc* as of the Petition Date (as defined herein) in this Chapter 11. In support of this Application, the Debtor submits the affidavit of Friesinger, a shareholder of the Firm, which is attached as Exhibit "A." A proposed Order granting the Application is attached hereto as Exhibit "B."

Attached is the Memorandum in Support.

Respectfully submitted,

BRAINERD INDUSTRIES INCORPORATED

By: */s/ Gregory W. Fritz*
_____
Gregory W. Fritz, President

*/s/ Patricia J. Friesinger*
_____
Patricia J. Friesinger (0072807)
33 W. First Street, Ste. 200
Dayton, Ohio 45402
Tel: (937) 449-5776 Fax: (937) 223-6705
E-mail: friesinger@coollaw.com
*Proposed Counsel for Debtor and Debtor-In-Possession Brainerd Industries Incorporated*

## MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Application is a core proceeding pursuant 27 U.S.C. § 157(b)(2).

2. The statutory basis for the relied requested herein are sections 105(a), 327, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules

2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LBR 2014-1.

## BACKGROUND

3. On the date of filing hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 11, of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a debtor-in-possession.

4. The Debtor is a corporation in the State of Ohio as of Ohio, with its principal place of business in Montgomery County, Ohio.

5. The Debtor filed this Chapter 11 proceeding in order to reorganize its debts and maintain its operations and employees.

## RELIEF REQUESTED

6. Your applicant seeks to employ and retain Friesinger and the Firm as its counsel with regards to the filing and prosecution of this Chapter 11 case and all related matters, effective *nunc pro tunc* as of the Petition Date. Accordingly, the Debtor respectfully requests entry of an order pursuant to 327(a) of the Bankruptcy Code authorizing it to employ Friesinger and the Firm as its general bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this Chapter 11 case.

7. Friesinger and the Firm are well qualified to represent the Debtor. Friesinger and the Firm are familiar with the Debtor's business affairs and may of the potential legal issues that may arise in connection with this Chapter 11 case. The Firm is familiar with the Debtor's business, property, financial affairs and capital structure. In selecting the Firm as general bankruptcy counsel,

the Debtor considered the Firm's knowledge, expertise and experience in reorganization and bankruptcy law. In addition, the Firm's attorneys responsible for representing the Debtor in matters relating to its reorganization are members of the restructuring, reorganization, corporate and bankruptcy practice groups, with experience in a wide range of bankruptcy cases. Therefore, the Debtor believes that the Firm is well qualified to serve as its bankruptcy counsel and that retention of the Firm is in the best interest of the estate.

8. Your applicant desires to employ Friesinger and the Firm on an hourly rate basis, with compensation proposed as set forth below;

9. Friesinger is a partner of the Firm and from time to time, other attorneys and other professionals of the firm may be called upon to perform legal services for the applicant in the within matter at the following standard hourly rates in 2023 at $360.00 per hour for Friesinger's time; in 2023 at $225.00 - $525.00 per hour for attorney time; and in 2023 at $160.00 - $250.00 per hour for paralegal time (said rates are reviewed and revised for all clients in January of each year). All fees are subject to application and allowance by this Court; and it is desired that the Firm be named "General Counsel."

10. The professional services that Friesinger and the Firm will render to the Debtor include, but not limited to, the following:

    a. advise the Debtor with respect to its powers and duties as the debtor-in-possession in the continued management and operation of its business;

    b. attend meeting and negotiate with representatives of creditors and other parties of interest;

    c. take all necessary action, in accordance with the Trustee, to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning all litigation in which the Debtor is involved, and

        objections to claims filed against the estate;

d.    prepare on behalf of the Debtor certain motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

e.    promote the plan of reorganization, disclosure statement, and all related agreements and/or documents filed contemporaneously herewith or hereafter, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan, as necessary;

f.    advise the Debtor in connection with any potential sale of assets;

g.    appear before this Court, any appellate courts and the United States Trustee and protect the interests of the Debtor's estate before such Courts and the United States Trustee;

h.    consult with the Debtor regarding tax matters; and

i.    perform all necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

11.    To the best of the Debtor's knowledge, and except as disclosed in the Affidavit, Friesinger and the Firm have not represented the Debtor's creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, in any matter relating to the Debtor or its estate.

12.    The Debtor desires to retain Friesinger and the Firm under the retainer arrangement set forth in the Affidavit because of the extensive legal services that may be required and the fact that the matter and extent of such services are not known at this time. To the best of the Debtor's knowledge, Friesinger and the Firm do not hold or represent any interest adverse to the Debtor's estate, Friesinger and the Firm are a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and Friesinger and the Firm's employment is necessary and in the best interests of the Debtor's estates.

5

13. On the Petition Date (immediately prior to filing) the Firm applied funds received as a retainer to fees outstanding/accrued as of that date in the amount of $20,000.00 and continues to hold the remaining amount (identified in the Statement of Financial Affairs) as a retainer. The Firm provided general representation and preparation and commencement of this Chapter 11 proceeding. The Firm shall retain the deposit to be applied to any fees, charges, and disbursements which remain unpaid at the end of this case as ordered by the Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order, substantially in the form simultaneously filed herewith, (i) authorizing the Debtor to employ Friesinger and the Firm as attorneys for the Debtor in this Chapter 11; and (ii) granting such further relief as is just and proper.

Respectfully submitted,

BRAINERD INDUSTRIES INCORPORATED    */s/ Patricia J. Friesinger*

By: */s/ Gregory W. Fritz*
_____
   Gregory W. Fritz, President

Patricia J. Friesinger (0072807)
33 W. First Street, Ste. 200
Dayton, Ohio 45402
Tel: (937) 449-5776 Fax: (937) 223-6705
E-mail: friesinger@coollaw.com
*Proposed Counsel for Debtor and Debtor-In-Possession Brainerd Industries Incorporated*

**Exhibit A**

**AFFIDAVIT OF PATRICIA J. FRIESINGER**

**STATE OF OHIO**            )
                             ) SS:
**COUNTY OF MONTGOMERY**     )

I, Patricia J. Friesinger, being duly cautioned and sworn, depose and state as follows:

1.  I am an adult over the age of eighteen and am competent to testify to the matters herein.

2.  To the best of my knowledge, neither myself, the firm of Coolidge Wall Co., L.P.A., nor any employee thereof, insofar as I have been able to ascertain, has any connection with the above-named Debtor(s) or creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

| Party | Specifics |
| --- | --- |
| AES Ohio (fka Dayton Power & Light) | This is a former client of a former attorney of the firm. The last matter in which the firm represented this entity was concluded in 2003. Ms. Friesinger has not had any involvement in representing this entity. No representation of this client was undertaken as relates to the debtor or this debt. |
| Avery Dennison Corporation | This is a former client of the firm of a current attorney of the firm who will not be involved in the proposed representation. No work has been undertaken for this client since 2012. Ms. Friesinger has not been involved in representation this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| Clark Schafer Hackett | This is a former client of the firm of a current attorney of the firm who will not be involved in the proposed representation. No work has been undertaken for this client since 2006. Ms. Friesinger has not been involved in representation this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| Dayton Area Chamber of Commerce | This is a former client of a former attorney of the firm for which no work was undertaken. Ms. Friesinger has not been involved in |

| | |
|---|---|
| | representing this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| Fifth Third Bank | This is a client of a current attorney of the firm who will not be involved in the proposed representation and conflicts waivers have been obtained. Ms. Friesinger has not had any direct contact or involvement as counsel for Fifth Third Bank. No representation of this client was undertaken as relates to the debtor or this debt. |
| Huntington National Bank | This is a former client of a former attorney in the firm and a current client of an attorney in the firm with a limited role in representation as to employment/labor issues ONLY. Ms. Friesinger has and continues to represent interests adverse to Huntington National Bank pursuant to a blanket waiver of conflict. No representation of this client was undertaken as relates to the debtor or this debt. |
| Instrulab | This is an affiliate of a client of a former attorney of the firm for which no work has been undertaken by the firm since 2014. Ms. Friesinger has not been involved in the representation of this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| Johnson Controls | This is a former client of the firm of a current attorney of the firm who will not be involved in the proposed representation. No work has been undertaken for this client since 2018. Ms. Friesinger has not been involved in representation this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| Keating Muething & Klekamp | This is a former client of a current attorney of the firm for which no work has been undertaken by the firm since 2005. Ms. Friesinger has not been involved in representing this client. No representation of this client was undertaken as relates to the debtor or this debt. |
| K & R Distributors Inc. d/b/a Aqua Falls | This is a current client of a current attorney of the firm who will not be involved in the proposed representation. Ms. Friesinger has not been involved in representing this client. |

|  | |
|---|---|
|  | No representation of this client was undertaken as relates to the debtor or this debt. |
| Korrect Plumbing Co. | This is a former client of a former attorney of the firm.  No work was done for this client.  Ms. Friesinger has not been involved in representing this client.  No representation of this client was undertaken as relates to the debtor or this debt |
| Jacob Eng/Custom Millcraft | This is a former client of a current attorney of the firm.  No work has been done for this client since 1993.   Ms. Friesinger has not been involved in representing this client.  No representation of this client was undertaken as relates to the debtor or this debt |
| Montgomery County | This is a current client of a current attorney of the firm who will not be involved in the proposed representation.  Ms. Friesinger has not been involved in representing this client.  No representation of this client was undertaken as relates to the debtor or this debt. |
| Nationwide Mutual Insurance Co. (Chicago) | This is a former client of a current attorney of the firm.  No work has been done for this client since 1992.   Ms. Friesinger has not been involved in representing this client.  No representation of this client was undertaken as relates to the debtor or this debt |
| Premier Healthnet | This is a former client of a current attorney in the firm who will not be involved in the proposed representation.  A current lawyer in the firm is on a subcommittee that reports to the Board of Directors of MVHE, Inc. regarding health services.  Premier Healthnet is a registered trade name of MVHE, Inc. for physician services.  The lawyer involved with MVHE, Inc. has no involvement in invoice issuing, collection, or with this Debtor.  Ms. Friesinger had no direct contact or involvement as counsel for Premier Healthnet.  No representation of this client was undertaken as relates to the debtor or this debt. |
| Rockwell Automation Inc. | This is a former client of a former attorney of the firm.  No work has been undertaken for this client since 2012.  Ms. Friesinger has not |

| | been involved in representation this client. No representation of this client was undertaken as relates to the debtor or this debt. |
|---|---|
| Rush Transportation/ Logistics | This is a former client of a former attorney and a current attorney of the firm. No work has been done for this client since 2011. Ms. Friesinger has not been involved in representing this client. No representation of this client was undertaken as relates to the debtor or this debt |
| The Sherwin Williams Company | This is a former client of a former attorney of the firm. No work has been done for this client since 2003. Ms. Friesinger has not been involved in representing this client. No representation of this client was undertaken as relates to the debtor or this debt |
| Wells Fargo | This is a former client of a current attorney of the firm. Wells Fargo has approved Coolidge as counsel for them but has not been engaged as counsel on any matters. Ms. Friesinger has not had any direct contact or involvement as counsel for Wells Fargo. |
| US Trustee's Office | Ms. Friesinger has been appointed as a Chapter 7 panel trustee and, as such, reports to the US Trustee's office in that capacity. |

3.      To the best of my knowledge, neither myself, the firm of Coolidge; nor any employee thereof, insofar as I have been able to ascertain, has a known past or present relationship to the debtor(s), any creditor, or equity security holder of the debtor, except that in my years as a practicing bankruptcy attorney, I have frequently appeared as opposing counsel in other bankruptcy cases. I may have had incidental contact with some of these creditors in the course of my representation of debtors, other creditors, and chapter 7 trustees, but these contacts do not represent conflicts of interest in my estimation, particularly since the proposed representation does not include determination of claims.

4.      To the best of my knowledge, neither myself, the firm of Coolidge; nor any employee thereof, insofar as I have been able to ascertain, holds any interest adverse to the estate in the matters upon which I am to be engaged nor has any business interest in the debtor(s) and each is a disinterested person within the meaning of 11 U.S.C. §101(14).

5.      To the best of my knowledge, neither myself, the firm of Coolidge; nor any employee thereof, insofar as I have been able to ascertain, employment would be prohibited by or improper under Bankruptcy Rule 5002.

FURTHER AFFIANT SAYETH NAUGHT

*/s/ Patricia J. Friesinger*

_____
Patricia J. Friesinger

Sworn to and subscribed in my presence by the aforementioned this 22nd day of March, 2023.

*/s/ Celeste M. Lane*

_____
Notary Public

[Seal]  CELESTE M. LANE, Notary Public
In and for the State of Ohio
My Commission Expires 09/27/2026

**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | Case No. 23-30432 |
| BRAINERD INDUSTRIES INCORPORATED, | : | Chapter 11 |
| | : | Judge Guy R Humphrey |
| Debtor and Debtor-In-Possession. | | |

**ORDER GRANTING APPLICATION OF BRAINERD INDUSTRIES INCORPORATED, DEBTOR AND DEBTOR-IN-POSSESSION, PURSUANT T FED. R. BANKR. P. 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PATRICIA J FRIESINGER, ESQ. AND COOLIDGE WALL CO., L.P.A *NUNC PRO TUNC* AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

**THIS MATTER** is before the Court pursuant to the Application of Brainerd Industries Incorporated, Debtor and Debtor-In-Possession to employ Patricia J. Friesinger, Esq. and Coolidge Wall Co., L.P.A. *nunc pro tunc* filed herein on March 22, 2023 [Doc. __] (the "Counsel Application"). Upon the Court's review of the Counsel Application, the exhibits thereto and for good cause shown, the court hereby finds that Patricia J Friesinger is an attorney duly authorized to practice in this Court, Patricia J. Friesinger does not hold or represent any interest adverse to the

1

estate and is a disinterested person.

It is therefore, **ORDERED, ADJUDGED AND DECREED** that Brainerd Industries Incorporated, herein be and hereby is authorized to employ Patricia J. Friesinger to represent the Debtor and Debtor-In-Possession according to the terms set forth in the Counsel application and further that the firm of Coolidge Wall Co., L.P.A. be, and hereby is, designated as "General Counsel," effective as of the date of the Counsel Application.

**SO ORDERED.**

cc: Default List

2